# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

November 27, 2012

**By ECF**
The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn New York 11201

Re:     United States v. Franklin Gillespie, 11-CR-371 (KAM)

Dear Judge Matsumoto:

    I write on behalf of my client, Franklin Gillespie, in anticipation of his sentencing on the sole count of an indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §1922(g). Mr. Gillespie pled guilty under a plea agreement that assumed a prison sentence range of 0 to 10 years, estimated his recommended guideline range to be 30 to 37 months, and did not include enhancements under the Armed Career Criminal Act, 18 U.S.C. §924(e) ("ACCA").

    In its Presentence Investigation Report ("PSR"), however, the Probation Department states that Mr. Gillespie must be sentenced as an Armed Career Criminal under the ACCA, based on a newly discovered Youthful Offender ("YO") adjudication for first-degree robbery stemming from a crime in which Mr. Gillespie participated when he was 15 years old. Because of the mandatory ACCA enhancement, the PSR concludes that Mr. Gillespie faces a mandatory minimum sentence of 15 years in prison and a corresponding guideline range of 180 months.

    As set forth below, however, and in defendant's previously filed objections to the PSR (Attached as Exhibit A), this YO adjudication does not qualify as a violent felony under the ACCA or as an adult felony conviction under the Guidelines. Therefore, it should not enhance his statutory or guideline range under the ACCA or his base offense level under the Guidelines.

    Instead, Mr. Gillespie's statutory sentence range is 0 to 10 years and his total offense

1

level is 17. In Criminal History Category IV, this corresponds to a recommended Guideline prison range of 37 to 46 months.[1]

I. **Mr. Gillespie is not an Armed Career Criminal Because His 2006 Youthful Offender Adjudication Is Not a "Violent Felony Conviction" Under the ACCA**

The PSR states that Mr. Gillespie's "is subject to the enhanced sentence provisions under 18 U.S.C. §924(e), as he was convicted of 18 U.S.C. §922(g) and has three prior felony convictions for crimes of violence," including his 2006 New York State Youthful Offender adjudication for Robbery in the First Degree. PSR ¶¶ 14, 19. In reaching this conclusion, the PSR refers to "crimes of violence as defined in Guideline 4B1.2(a) and Application Note 1 to Guideline 4B1.2." PSR ¶8.

This analysis and conclusion is incorrect, preliminarily because it uses the wrong definition. 18 U.S.C. §924(e)(1), the Armed Career Criminal Act, applies when a person convicted of 18 U.S.C. §922(g) has "three previous convictions [] for a *violent felony*" – as opposed to a "*crime of violence*" – and the term "violent felony" is defined in *18 U.S.C. §924(e)(2)(B)*, not the Guidelines.[2]

Under Section 924(e)(2)(B), a "violent felony" means, among other requirements, "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult." *See United States v. Rosa*, 507 F.3d at 140.

Mr. Gillespie's YO adjudication does not meet either definition. First, as other courts in this Circuit have held, and as the government agrees (Gov't Letter dated November 14, 2012, Doc. 22, p. 4), a YO adjudication does not qualify as a "crime" under Section 924(e), as further defined in Section 921(a)(20). *United States v. Fernandez*, 390 F.Supp.2d at 277, 279-80

---

[1] This letter addresses the paramount issues of whether Mr. Gillespie faces a mandatory 15-year minimum sentence under the ACCA, as well as the dramatic Guideline enhancements proposed by the Probation Department and the government. As to the issue of what sentence is warranted under 18 U.S.C. §3553(a) once those issues are resolved, defendant respectfully reserves his arguments for the sentencing hearing, at which time a few members of his family hope to address the Court in person. Attached as Exhibit B is a letter in Mr. Gillespie's behalf from his friend Rodney Robinson.

[2] The term "crime of violence," on the other hand, relates only to the advisory Guidelines, and the definition of that term in Guideline 4B1.2(a) is for use in determining whether a prior felony conviction qualifies as a "crime of violence" under Guidelines 4B1.1(a), the "Career Offender" Guideline, or 2K2.1(a), which determines the applicable base offense level for this offense.

2

(S.D.N.Y. 2005) (Patterson, Jr., J.); *United States v. Archer*, 461 F.Supp.2d 213, 215 n. 1 (S.D.N.Y. 2006) (Holwell, J.); *see United States v. Parnell*, 524 F.3d 166, 169 (2d Cir. 2008) (discussing *Fernandez*).

This is because a YO adjudication "sets aside" the underlying conviction, *United States v. Cuello*, 357 F.3d 162 (2d Cir. 2004), and "[t]he statutory definition applicable to the ACCA purposefully exempts convictions that have been 'set aside' from the calculation of a defendant's previous convictions." *Parnell*, 524 F.3d at 170, citing 18 U.S.C. §921(a)(20) ("Any conviction which has been expunged, or set aside [] shall not be considered a conviction for purposes of this chapter"); *accord Logan v. United States*, 552 U.S. 23, 26 (2007) ("For ACCA sentence-enhancement purposes, a prior conviction may be disregarded if the conviction 'has been expunged, or set aside') (citing 18 U.S.C. §921(a)(20)).[3]

Nor does Mr. Gillespie's YO adjudication qualify as an "act of juvenile delinquency involving the use or carrying of a firearm, knife or destructive device." The PSR states that this adjudication was for the New York State crime of robbery in the first degree for displaying what appears to be a firearm. *See* N.Y.P.L. §160.15(4). PSR ¶19.

As the Second Circuit held in *United States v. Rosa*, however, the display of what appears to be a firearm under that robbery provision, standing alone, does not satisfy the elements of a violent felony as defined by the ACCA. 507 F.3d at 150 (emphasis added).[4] To be a violent felony under the ACCA, the crime of conviction must involve the use or carrying of *a firearm* (or, in this case, a knife), meaning "what was displayed was an actual firearm" or knife. *Id.* at 150, 161.

To decide that question, the "sentencing court cannot make its own finding of fact" but must instead "rely on evidence from the record of conviction to determine" whether the earlier guilty plea necessarily admitted, and supported a conviction for, an offense involving the use or carrying of a firearm or knife. *Id.* at 153, 154, citing *Shepard v. United States*, 544 U.S. at 16;

---

[3]Although concurring with this part of defendant's analysis, the government maintains that Mr. Gillespie's YO adjudication nonetheless qualifies as a violent felony under the second prong of the ACCA definition, as an "act of juvenile delinquency involving the use or carrying of a firearm, *knife*, or destructive device (emphasis added)." Gov't Letter, pp. 4-5.

[4]In light of *Rosa*'s holding that the YO adjudication for first-degree robbery in that case did not qualify as a "violent felony" under the ACCA, the Probation Department's position that "every robbery meets the criteria for a violent felony under ACCA" is clearly wrong (See "Addendum to the Presentence Report" dated October 31, 2012, p. 2). This argument, like the similar analysis in the Presentence Report itself, fails because it ignores the first part of the ACCA's "violent felony" definition, which limits its reach to "crime[s]" or "acts of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device[.]" *See* 18 U.S.C. §924(e)(2)(B).

*United States v. Baker*, 665 F.3d 51, 55 (2d Cir. 2012) . The court must limit its consideration to "adequate judicial record evidence": "the charging document, written plea agreement, transcript of plea colloquy, and any explicit finding by the trial judge to which the defendant assented." *United States v. Rood*, 679 F.3d, 95, 99 (2d Cir. 2012), *quoting Shepard*, 544 U.S. at 16, 20; *United States v. Baker*, 665 F.3d at 55; *Rosa*, 570 F.3d at 153-54, 161. "[I]f such evidence is not available, then the government has not met its burden to demonstrate that the prior conviction was a 'violent felony.'" *Rosa*, 570 F.3d at 153.

Here, as in *Rosa*, the "Federal PSR provide[s] no explanation for its characterization of the [prior] robbery conviction as a conviction of a violent felony, and simply describes the prior offense by referring to a description from" the State court records. *See id.* at 148. While the *Rosa* PSR relied on the State court PSR and similarly inadequate records, this PSR relies only on a "New York City Police Department arrest report," and its recitation that "the defendant and others displayed a knife and stole property from the victim" (PSR ¶21).

As *Shepard* itself held, however, "police reports [] are not judicial records and may not be used to find facts about the prior conviction." *United States v. Rood*, 679 F.3d at 99 n. 7, citing *Shepard*, 544 U.S. at 16; *see United States v. Buie*, 547 F.3d 401, 405 (2d Cir. 2008) (citing police reports as example of records a sentencing court may not look to in determining whether prior offense qualifies as ACCA predicate). Since the Court may not rely on the police report, and there is no judicial record establishing that the plea necessarily admitted, and supported a conviction for, an offense involving the use or carrying of a firearm or knife, Mr. Gillespie's YO adjudication does not qualify as an act of juvenile delinquency involving the use or carrying of a firearm, knife or destructive device. *United States v. Rosa*, 507 F.3d at 145.

*Rosa* is clearly dispositive on this question, and forecloses the use of Mr. Gillespie's YO adjudication with the reliance on a police report stating that a knife was displayed during the robbery. But even if it were sufficiently established or simply accepted that a knife had been used in that robbery, that would not make the state-court adjudication equivalent to a violent felony under the ACCA here.

The "crucial question" remains "whether the plea had 'necessarily' rested on the fact identifying" the robbery as a violent felony under the ACCA, *id.* at 152, *quoting Shepard*, 544 U.S. at 21 – here, the use or carrying of a knife. *See also, United States v. Beardsley*, 691 F.3d 252, 261 (2d Cir. 2012) (*Shepard* Court "made clear that the ACCA created a 'demanding requirement' on the government to show 'that a prior conviction necessarily involved (and a prior plea necessarily admitted) facts equating to" the predicate offense). For a plea to necessarily rest on a particular fact, that fact must be an element of the offense. *See United States v. Beardsley*, 691 F.3d at 261; *James v. United States*, 550 U.S. 192, 202 (2007).

Here, Mr. Gillespie's plea to first-degree robbery for displaying what appeared to be a firearm did not necessarily rest on the use or carrying of a knife. Indeed, whether the object displayed was a knife was immaterial to that plea and conviction, since the underlying robbery statute does not require or even mention the use of a knife. Instead, it requires only the display of

"what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm." N.Y. Penal Law §160.15(4).

Thus, if the object displayed in the 2006 case happened to be a knife, that shows only that the *conduct* involved in that case matches that required for a violent felony under the ACCA. But that, as the Second Circuit has recently emphasized, is irrelevant under the "categorical approach" the Court must apply under *Shepard* and *Taylor* (*Taylor v. United States*, 495 U.S. 575, 602 (1990)).

> The point of the categorical approach is that a court does not attempt to determine what the defendant did and then to see whether that conduct matches the enhancing conditions. Rather, the statute directs, and the Supreme Court instructs, that courts are supposed to look to see *what offense the defendant was convicted of*, as determined by the elements of the crime of conviction. See *Shepard*, 544 U.S. at 19-23. It is in that sense that the approach is "categorical": it looks to see whether the offense of conviction, in every case, necessarily matches the enhancement's terms. An approach that simply asks whether the conduct underlying the conviction, as disclosed in the charging instruments or the plea colloquy or the jury instructions, is the sort of conduct referenced in the sentence enhancement, is not a *modified* categorical approach; it is not "categorical" at all.

*United States v. Beardsley*, 691 F.3d at 270-71 (emphasis in original); *see Begay v. United States*, 553 U.S. 137, 141 (2008) (under the categorical approach, "we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion").

As determined by "the elements of the crime of conviction," rather than what did or did not actually happen, the offense Mr. Gillespie was convicted of in 2006 consisted only of displaying *what appeared to be a firearm*, and therefore does not categorically, in every case, necessarily match the ACCA statute's terms of "the use or carrying of a [] knife." 18 U.S.C. §924(e)(2). See *Beardsley*, 691 F.3d at 270.

Because his YO adjudication does not qualify as a violent felony under the ACCA, Mr. Gillespie is not an Armed Career Criminal, and neither his statutory sentence range nor his Guideline base offense level should be enhanced on that basis. See PSR ¶¶ 14, 16, 66, 67.

## II. Since Mr. Gillespie's Youthful Offender Adjudication Is Not a "Felony Conviction" Under the Guideline Definition, It Cannot Increase his Base Offense Level

The PSR also counts Mr. Gillespie's YO adjudication as a prior adult conviction for purposes of calculating his base offense level under the United States Sentencing Guidelines. In calculating his base offense level to be 24, it includes the YO adjudication among his "two prior

5

felony convictions for a crime of violence" under Guideline 2K2.1(a)(2). PSR ¶8. Because Mr. Gillespie's YO adjudication was not an adult conviction under the Guidelines, it should not be used to increase his base offense level under Guideline 2K2.1(a)(2).

Guideline 2K2.1(a) provides for different base offense levels based on a defendant's prior convictions. Under that section, a defendant's base offense level is 24 if he committed the current offense after sustaining "at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. §2K2.1(a)(2).

Application Note 1 to Guideline 2K2.1 defines terms as they are used in Section 2K2.1. A "felony conviction" is defined as "a prior *adult* federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year[.]" U.S.S.G. §2K2.1, comment (n. 1) (emphasis added). "A conviction for an offense committed prior to age eighteen years is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." *Id.*

New York's youthful offender law gives the state court the discretion to adjudicate a convicted defendant a "youthful offender" and thus remove the onus of a criminal record. N.Y. Crim. Proc. §§ 720.10(1), (2). A youthful offender adjudication by itself cannot answer the question of whether it should be treated as an adult conviction. *United States v. Cuello*, 357 F.3d 162, 168 (2d Cir. 2004). Instead, to determine whether a youthful offender adjudication classifies as an adult conviction under the guideline definition, the Court should focus on "the nature of the proceedings, the sentences received, and the actual time served" by the defendant, *id.* at 168-69, including "where the defendant was incarcerated." *United States v. Driskell*, 277 F.3d 150, 151 (2d Cir. 2002). Thus, where a defendant was "tried and convicted in an adult forum, and where defendant served his sentence in an adult prison," a youthful offender adjudication may correctly be counted as an adult conviction. *Cuello*, 357 F.3d at 169.

When Franklin Gillespie committed the offense underlying his 2006 YO adjudication, he was only 15 years old, classifying him as a "juvenile offender" under the New York Criminal Procedure Law. *See United States v. Driskell*, 277 F.3d at 155, citing N.Y. Crim. Proc. Law §1.20(42) (person under age 16, but deemed criminally responsible under the penal law, is known as a "juvenile offender"). Upon being adjudicated a youthful offender, he was sentenced to probation. Even after being found in violation of his probation, he was re-sentenced to a one-year jail sentence, rather than a state prison term. Since New York City Corrections credits one day of "good time" for every three days served, Mr. Gillespie served eight months in jail on the one-year sentence.

And based on his "juvenile offender" classification, Mr. Gillespie was committed to the custody of the New York State Office of Children and Family Services ("OCFS"). *See* N.Y. Penal Law §70.20(4)(a); *compare with* N.Y. Corr. Law §71(1)(b) (allowing state prisons, as opposed to local jails, to "receive" all inmates up to 21 years old as a group). Thus, he served his sentence in a juvenile residential center in Goshen, New York. Among the services provided at the facility were general, remedial and special education, special education, health services,

counseling services, psychological services, and employment and vocational training.

Thus, in contrast to the defendants in *Cuello* and *Driskell*, who were both sentenced to state prison and served their time in adult prisons, Mr. Gillespie was given a city jail sentence and housed with other juveniles. Because the sentence he received and his place of incarceration indicate that he was not treated as an adult by the New York Court, Mr. Gillespie's youthful offender adjudication should not count as an adult conviction under the guideline definition.[5]

Accordingly, Mr. Gillespie has only *one* prior felony conviction of a crime of violence, which corresponds to an adjusted offense level of 20 rather than 24. U.S.S.G. §2K2.1(a)(4)(A). After adjustments for timely acceptance of responsibility, Mr. Gillespie's total offense level, therefore, is 17.

                                    Respectfully Submitted,

                                    Kannan Sundaram
                                    Attorney for Franklin Gillespie
                                    (718) 330-1203

cc:     Michael P. Canty
         Assistant U.S. Attorney

         Jaime Turton
         U.S. Probation Officer

---

[5] The Probation Department's response to this argument, which was also advanced in defendant's objections to the PSR (See Exhibit A, pp. 3-4), misapprehends it. Defendant does not contend that his YO adjudication "should not be considered an adult conviction because he was only 15 years old, classifying him as a 'juvenile offender' under the New York Criminal Procedure Law" (PSR Addendum, p. 2). Nor does defendant argue that the one-year jail sentence he ultimately received disqualifies the adjudication as an act of juvenile delinquency "punishable by imprisonment for a term exceeding one year" under 18 U.S.C. §924(e)(2)(B) (PSR Addendum, p. 2). Instead, as the argument in the PSR objections and this letter makes clear, defendant cites his city jail sentence and his housing in a juvenile facility as factors indicating that this YO adjudication should not be counted as an adult conviction under the analysis propounded by the Second Circuit in *Driskell* and *Cuello* (*see* Exhibit A, p. 4).

# Exhibit A

# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

---

David E. Patton
*Executive Director and
Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

October 24, 2012

By E-Mail and Hand Delivery
Jaime M. Turton
United States Probation Officer
Eastern District of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

Re: United States v. Franklin Gilllespie, 11-CR-371 (KAM)

Dear Officer Turton:

I write to set forth the defendant's objections to the Presentence Investigation Report ("PSR"). As explained below, the defendant objects to the use of his 2006 Kings County Youthful Offender ("YO") adjudication (1) as a predicate conviction under the Armed Career Criminal Act ("ACCA") [see PSR ¶¶ 14, 66, 67], and (2) as a prior adult conviction for purposes of calculating his base offense level under the United States Sentencing Guidelines. See PSR ¶¶ 8, 13, 14, 16, 67. Additionally, the defendant objects to certain information reported about his brother James Gillespie, which is factually incorrect. See PSR ¶45.

I.  Mr. Gillespie is not an Armed Career Criminal Because His YO Adjudication Is Not a "Violent Felony Conviction" Under the ACCA

The PSR states that Mr. Gillespie's "is subject to the enhanced sentence provisions under 18 U.S.C. §924(e), as he was convicted of 18 U.S.C. §922(g) and has three prior felony convictions for crimes of violence," including his 2006 New York State Youthful Offender adjudication for Robbery in the First Degree. PSR ¶¶ 14, 19. In reaching this conclusion, the PSR refers to "crimes of violence as defined in Guideline 4B1.2(a) and Application Note 1 to Guideline 4B1.2." PSR ¶8.

This analysis and conclusion is incorrect because it uses the wrong definition. 18 U.S.C. §924(e)(1), the Armed Career Criminal Act, applies when a person convicted of 18 U.S.C. §922(g)

has "three previous convictions [] for a *violent felony*," not a "*crime of violence*." And the term "violent felony" is defined in *18 U.S.C. §924(e)(2)(B)*, not the Guidelines.[1]

Under Section 924(e)(2)(B), a "violent felony" means, among other requirements not in issue here, "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult." *See United States v. Rosa*, 507 F.3d 142, 149 (2d Cir. 2007).

Mr. Gillespie's YO adjudication does not meet either definition. First, as other courts in this Circuit have held, a YO adjudication does not qualify as a "crime" under Section 924(e), as further defined in Section 921(a)(20). *United States v. Fernandez*, 390 F.Supp.2d 277, 279-80 (S.D.N.Y. 2005) (Patterson, Jr., J.); *United States v. Archer*, 461 F.Supp.2d 213, 215 n. 1 (S.D.N.Y. 2006) (Holwell, J.); *see United States v. Parnell*, 524 F.3d 166, 169 (2d Cir. 2008) (discussing *Fernandez*).

This is because a YO adjudication "sets aside" the underlying conviction, *United States v. Cuello*, 357 F.3d 162 (2d Cir. 2004), and "[t]he statutory definition applicable to the ACCA purposefully exempts convictions that have been 'set aside' from the calculation of a defendant's previous convictions." *Parnell*, 524 F.3d at 170, citing 18 U.S.C. 921(a)(20) ("Any conviction which has been expunged, or set aside [] shall not be considered a conviction for purposes of this chapter"); *accord Logan v. United States*, 552 U.S. 23, 26 (2007) ("For ACCA sentence-enhancement purposes, a prior conviction may be disregarded if the conviction 'has been expunged, or set aside') (citing 18 U.S.C. §921(a)(20)).

Nor does Mr. Gillespie's YO adjudication qualify as an "act of juvenile delinquency involving the use or carrying of a firearm, knife or destructive device." The PSR states that this adjudication was for the New York State crime of robbery in the first degree for displaying what appears to be a firearm. *See* N.Y.P.L. §160.15(4). PSR ¶19.

As the Second Circuit held in *United States v. Rosa*, however, the display of what appears to be a firearm under that robbery provision, standing alone, does not satisfy the elements of a violent felony as defined by the ACCA. 507 F.3d at 150 (emphasis added). To be a violent felony under the ACCA, the crime of conviction must involve the use or carrying of *a firearm* (or, in this case, a knife), meaning "what was displayed was an actual firearm" or knife. *Id.* at 150, 161.

To decide that question, the "sentencing court cannot make its own finding of fact" but must instead "rely on evidence from the record of conviction to determine" whether the earlier guilty plea necessarily admitted, and supported a conviction for, an offense involving the use or

---

[1] The term "crime of violence," on the other hand, relates only to the advisory Guidelines, and the definition of that term in Guideline 4B1.2(a) is for use in determining whether a prior felony conviction qualifies as a "crime of violence" under Guidelines 4B1.1(a), the "Career Offender" Guideline, or 2K2.1(a), which determines the applicable base offense level for this offense.

carrying of a firearm or knife. *Id.* at 153, 154, citing *Shepard v. United States*, 544 U.S. 13, 16 (2005). The court must limit its consideration to "adequate judicial record evidence": "the charging document, written plea agreement, transcript of plea colloquy, and any explicit finding by the trial judge to which the defendant assented." *United States v. Rood*, 679 F.3d, 95, 99 (2d Cir. 2012), *quoting Shepard*, 544 U.S. at 16, 20; *Rosa*, 570 F.3d at 153-54, 161. "[I]f such evidence is not available, then the government has not met its burden to demonstrate that the prior conviction was a 'violent felony.'" *Rosa*, 570 F.3d at 153.

Here, as in *Rosa*, the "Federal PSR provide[s] no explanation for its characterization of the [prior] robbery conviction as a conviction of a violent felony, and simply describes the prior offense by referring to a description from" the State court records. *See id.* at 148. While the *Rosa* PSR relied on the State court PSR and other similarly inadequate records, this PSR relies only on a "New York City Police Department arrest report," and its recitation that "the defendant and others displayed a knife and stole property from the victim" (PSR ¶21). As *Shepard* itself made clear, however, "police reports [] are not judicial records and may not be used to find facts about the prior conviction." *United States v. Rood*, 679 F.3d at 99 n. 7, citing *Shepard*, 544 U.S. at 16; *see United States v. Buie*, 547 F.3d 401, 405 (2d Cir. 2008) (citing police reports as example of records a sentencing court may not look to in determining whether prior offense qualifies as ACCA predicate). Since the Court may not rely on the police report, and there is no judicial record establishing that the plea necessarily admitted, and supported a conviction for, an offense involving the use or carrying of a firearm or knife, Mr. Gillespie's YO adjudication does not qualify as an "act of juvenile delinquency involving the use or carrying of a firearm, knife or destructive device."

Because his YO adjudication does not qualify as a violent felony under the ACCA, Mr. Gillespie is not an Armed Career Criminal, and neither his statutory sentence range nor his Guideline base offense level should be enhanced on that basis. See PSR ¶¶ 14, 16, 66, 67).

II. **Mr. Gillespie's YO Adjudication Cannot Increase his Base Offense Level, As It Is Not a "Felony Conviction" Under the Guideline Definition**

The PSR also counts Mr. Gillespie's YO adjudication as a prior adult conviction for purposes of calculating his base offense level under the United States Sentencing Guidelines. In calculating his base offense level to be 24, it includes the YO adjudication among his "two prior felony convictions for a crime of violence"under Guideline 2K2.1(a)(2). PSR ¶8. Because Mr. Gillespie's YO adjudication was not an adult conviction under the Guidelines, it should not be used to increase his base offense level under Guideline 2K2.1(a)(2).

Guideline 2K2.1(a) provides for different base offense levels based on a defendant's prior convictions. Under that section, a defendant's base offense level is 24 if he committed the current offense after sustaining "at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. §2K2.1(a)(2).

Application Note 1 to Guideline 2K2.1 defines terms as they are used in Section 2K2.1. A "felony conviction" is defined as "a prior *adult* federal or state conviction for an offense punishable

by death or imprisonment for a term exceeding one year[.]" U.S.S.G. §2K2.1, comment (n. 1) (emphasis added). "A conviction for an offense committed prior to age eighteen years is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." *Id.*

New York's youthful offender law gives the state court the discretion to adjudicate a convicted defendant a "youthful offender" and thus remove the onus of a criminal record. N.Y. Crim. Proc. §§ 720.10(1), (2). A youthful offender adjudication by itself cannot answer the question of whether it should be treated as an adult conviction. *United States v. Cuello*, 357 F.3d 162, 168 (2d Cir. 2004). Instead, to determine whether a youthful offender adjudication classifies as an adult conviction under the guideline definition, the Court should focus on "the nature of the proceedings, the sentences received, and the actual time served" by the defendant, *id.* at 168-69, including "where the defendant was incarcerated." *United States v. Driskell*, 277 F.3d 150, 151 (2d Cir. 2002). Thus, where a defendant was "tried and convicted in an adult forum, and where defendant served his sentence in an adult prison," a youthful offender adjudication may correctly be counted as an adult conviction. *Cuello*, 357 F.3d at 169.

When Franklin Gillespie committed the offense underlying his 2006 YO adjudication, he was only 15 years old, classifying him as a "juvenile offender" under the New York Criminal Procedure Law. *See United States v. Driskell*, 277 F.3d at 155, citing N.Y. Crim. Proc. Law §1.20(42) (person under age 16, but deemed criminally responsible under the penal law, is known as a "juvenile offender"). Upon being adjudicated a youthful offender, he was sentenced to probation. Even after being found in violation of his probation, he was re-sentenced to a one-year jail sentence, rather than a state prison term. Since New York City Corrections credits one day of "good time" for every three days served, Mr. Gillespie served eight months in jail on the one-year sentence. And based on his "juvenile offender" classification, Mr. Gillespie was required to be committed to the custody of New York's Division for Youth. *See id.*, citing N.Y. Penal Law §70.20(4)(a). In addition, New York law forbids local jails from housing inmates younger than nineteen with older inmates. *See* N.Y. Corr. Law §500-b(4); *compare with* N.Y. Corr. Law §71(1)(b) (allowing state prisons, as opposed to local jails, to "receive" all inmates up to 21 years old as a group).

Thus, in contrast to the defendants in *Cuello* and *Driskell*, who were both sentenced to state prison and served their time in adult prisons, Mr. Gillespie was given a city jail sentence and housed with other juveniles. Because the sentence he received and his place of incarceration indicate that he was not treated as an adult by the New York Court, Mr. Gillespie's youthful offender adjudication should not count as an adult conviction under the guideline definition.

that     Accordingly, Mr. Gillespie has only *one* prior felony conviction of a crime of violence, which corresponds to an adjusted offense level of 20 rather than 24. U.S.S.G. §2K2.1(a)(4)(A). After adjustments for timely acceptance of responsibility, Mr. Gillespie's total offense level, therefore, is 17.

III.   **Paragraph 45 Should be Amended to Excise Incorrect Information About Mr. Gillespie's Brother James Gillespie**

      The PSR reports that Mr. Gillespie's brother James Gillespie, age 22, "is serving a thirty-year prison term for his local assault and rape conviction." PSR ¶45. This information is incorrect and evidently relates to another individual by the same name who is not related to defendant Franklin Gillespie. Franklin Gillespie's brother James served a sentence of 1 1/3 to 4 years, was not convicted of rape, and was released in March. Because the record in his case has been sealed, most of this information is not available. But our office was able to ascertain, based on his date of birth (8/26/89) and his Department of Corrections inmate identification number (09-R-7713) that he is not the inmate described in the PSR.

      Accordingly, the defendant requests that paragraph 45 be modified to reflect that his brother James Gillespie was not convicted of rape or sentenced to 30 years and is not currently incarcerated.

      Thank you for your consideration.

                                    Very Truly Yours,

                                    Kannan Sundaram
                                    Assistant Federal Defender
                                    (718) 330-1203

cc:     Michael P. Canty
        Assistant U.S. Attorney

# Exhibit B

Your Honor,

I am writing in reference to Case # (79139053), which involves Mr. Franklin Gillespie.

I have known Mr. Gillespie all of his life, I believe I am in a position to speak about Mr. Gillespie moral character, so I hope you will take this letter into account when making your decision.

Mr. Gillespie is, in short, a good person. He has always been kind and generous with others. He may have inquired a hiccup in his young life but, overall he has a strong sense of duty, which applies in his, family, and community. He also possesses a great deal of integrity, and constantly strives to make sure he is doing the right thing.

It must be difficult for you to make decisions like this when you don't actually know the person standing in front of you, so I hope you will look at my letter and the supportive others you're receiving, and understand that Mr. Gillespie is the kind of person that will give you the shirt off his back. That has to say something, so please let that be a factor in your decision.

Thank you,

Yours Sincerely,

*Rodney T. Robinson*