<u>DATE: 10/23/2014</u>

BEFORE: <u>MATSUMOTO U.S.D.J.</u>    TIME: <u>10:30am-12:40pm</u>

<u>CRIMINAL CAUSE FOR VOSR SENTENCING</u>

DOCKET & FILE

<u>SENTENCING   11 CR 371 (KAM)</u> U.S.A. VS. GILLESPIE

<u>DEFENDANT'S NAME:</u> Franklin Gillespie       <u>DEFENSE COUNSEL:</u> Kannan Sundaram
✔Present  ☐ not present  ✔ custody  ☐ bail   ✔ present  ☐ not present  ☐ CJA  ☐ retained  ✔ Federal Defender

<u>A.U.S.A</u>: Douglas Pravda     <u>USPO</u>: Michael Imrek

<u>COURT REPORTER</u>: Allan Sherman    <u>Deputy</u>: Sandra Jackson

✔ CASE CALLED.        ✔ DEFENDANT SWORN AND INFORMED OF RIGHTS
✔ SENTENCING HELD.   ✔STATEMENTS OF DEFENDANT AND COUNSEL HEARD
✔ DEFENDANT PLEA GUILTY ON CHARGE <u>1</u> OF THE<u> VIOLATION OF SUPERVISED RELEASE</u>

**IMPRISONMENT:** 60 days in custody with credit for time served in custody since September 3, 2014. Upon completion of his custodial term, Mr. Gillespie shall be transferred directly into a Residential Re-Entry Center for a period of 3 months.

**SUPERVISED RELEASE**: The remainder of Mr. Gillespie's 3 years of supervised release term, which began on July 25, 2014, will continue with the previously established special conditions.

I. Mr. Gillespie shall not possess a firearm, ammunition or destructive device.

II. Mr. Gillespie shall participate in a mental health assessment and treatment if necessary.

III. Mr. Gillespie shall participate in an outpatient and/or inpatient drug abuse assessment and treatment program if necessary.

IV. Upon Mr. Gillespie's release from incarceration, he shall serve 3 months at a Residential Re-Entry Center. He shall comply with all rules established at the facility. Mr. Gillespie shall obtain prior approval in advance with verification from his counselor for any need to leave the premises, including but not limited to attorney visits, leave to seek employment, education, or observance of religious services.

V. For a period of 6 month after his release from the Residential Re-Entry Center, Mr. Gillespie shall comply with a curfew via electronic monitoring requiring him to remain at his place of residence (excluding any public areas) from 7:00p.m. to 7:00a.m. The Probation Department may designate another twelve-hour time period if Mr. Gillespie's employment, education, or observance of religious services preclude the specified times. During the curfew period, he shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for the curfew. In addition, Mr. Gillespie shall pay all costs, including the cost of the electronic monitoring equipment, to the degree he is able to pay. Mr. Gillespie shall disclose all financial information and documents to the Probation Department to assess his ability to pay.

VI. Mr. Gillespie shall submit his person, residence, place of business, vehicle or any other premises under his control to a search on the basis that the Probation Officer has a reasonable belief that contraband or evidence of a violation of the conditions of release may be found. The search must be conducted in a reasonable manner and at a reasonable time. Mr. Gillespie's failure to submit to a search may be grounds for revocation. Mr. Gillespie shall inform any other residents that the premises may be subject to a search pursuant to this condition of his supervised release.

✔ REMAINING OPEN CHARGES<u>  4 and 5  </u> OF THE VIOLATION IS DISMISSED ON GOVT'S MOTION.

✔ REMAINING OPEN CHARGES <u>1 AND 2 ARE HELD IN ABEYANCE.</u>

✔ COURT ADVISED DEFT OF RIGHT TO APPEAL.       ☐ I.F.P. GRANTED

✔ TRANSCRIPT ORDERED       ☐ ICE DETAINER

✔ GOVT SHALL ARRANGE FOR THE RETURN OF DEFENDANT'S PROPERTY, IF ANY.