AO 245D    (Rev. 09/11) Judgment in a Criminal Case for Revocations
           Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| Franklin Gillespie | Case No.    11CR371[KAM] |
|  | USM No.    79139-053 |
|  | Kannan Sundaram, Esq. |
|  | Defendant's Attorney |

**THE DEFENDANT:**

✔ admitted guilt to violation of charge(s)     Charge 1     of the term of supervision.

☐ was found in violation of condition(s)     _____     after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Charge 1 | For a period of six months, the defendant shall comply with a curfew via electronic monitoring requiring him to remain at his place of residence from 7:00p.m. to 7:00a.m. The Probation Department may designate another twelve-hour time period if the offenders employment, education, or observance or religious services preclude the specified times. | 12/31/2014 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

✔ The defendant has not violated charges     2, 3 and 4     and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:  4688

Defendant's Year of Birth:     1990

City and State of Defendant's Residence:
    Brooklyn, New York

July 10, 2015
Date of Imposition of Judgment

s/KAM
Signature of Judge

Kiyo A. Matsumoto, USDJ
Name and Title of Judge

July 10, 2015
Date

AO 245D    (Rev. 09/11) Judgment in a Criminal Case for Revocations
           Sheet 2— Imprisonment

| | |
|---|---|
| DEFENDANT: FRANKLIN GILLESPIE | Judgment — Page 2 of 4 |
| CASE NUMBER: 11CR371[KAM] | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :

Nine (9) months with credit for time served in custody since February 20, 2015, the date of his arrest.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT:        Franklin Gillespie
CASE NUMBER:      11CR371[KAM]

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

  Two (2) years with special conditions.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

✔ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case for Revocations
           Sheet 3C — Supervised Release

Judgment—Page 4 of 4

DEFENDANT:      Franklin Gillespie
CASE NUMBER:    11CR371[KAM]

# SPECIAL CONDITIONS OF SUPERVISION

I.   Mr. Gillespie shall not possess a firearm, ammunition or destructive device.

II.  Mr. Gillespie shall participate in a mental health program approved by the Probation Department, which may include anger management. Mr. Gillespie shall contribute to the costs of such services rendered and/ or any psychotropic medications prescribed to the degree he is able to pay. Mr. Gillespie shall disclose all financial information and documents to the Probation Department to assess his ability to pay.

III. Mr. Gillespie shall submit to testing to ensure abstinence from drugs and alcohol. If he returns a positive test, he may be ordered to participate in drug treatment or detoxification program approved by the Probation Department.

IV.  Mr. Gillespie shall maintain full-time verifiable employment or enroll in a full-time educational or vocational training program as directed by the Probation Department. During periods that Mr. Gillespie is unemployed or not enrolled in educational or vocational training, he shall participate in 15 hours of community service per week at a site to be determined by the Probation Department. The defendant shall cooperate in allowing the Probation Department to confirm the community service is completed.

V.   Mr. Gillespie shall submit his person, residence, place of business, vehicle, papers, computers, or other electronic communications or data storage device, to a search on the basis that the Probation Officer has a reasonable belief that contraband or evidence of a violation of the conditions of release may be found. The search must be conducted in a reasonable manner and at a reasonable time. Mr. Gillespie's failure to submit to a search may be grounds for revocation. Mr. Gillespie shall inform any other residents that the premises may be subject to a search pursuant to this condition of his supervised release.

VI.  Except as provided herein, the standard conditions remain in effect.